IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTIAN LEE ODOM,

                             Plaintiff,                      OPINION AND ORDER

    v.

                                                                   13-cv-140-wmc

GEICO INSURANCE COMPANY and
ENTERPRISE RENT-A-CAR COMPANY,

                            Defendants.

---

    In this proposed civil action, plaintiff Christian Lee Odom alleges that (1) Enterprise Rent-A-Car Company violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* and Wisconsin state law and common law in pursuing him to collect damages to his rental car; and (2) GEICO Insurance Company breached its duty to defend and indemnify him from Enterprise's claims for damage. Odom asks for leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915. From the financial affidavit Odom has given the court, it concluded that he is unable to prepay the full fee for filing this lawsuit. Since Odom made the initial partial payment of $175.00 required of him under § 1915(b)(1), the court must now determine whether Odom's proposed action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). For the reasons explained below, this court lacks jurisdiction over Odom's claims. Accordingly, the court will deny Odom leave to proceed and dismiss his complaint without prejudice.

ALLEGATIONS OF FACT

For purposes of screening, the court must read the allegations generously in any pro se litigant's complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). The court, therefore, assumes the following probative facts based on the allegations in his complaint:

**A. Rental Car Return**

- Plaintiff Christian Lee Odom rented a vehicle from defendant Enterprise Rent-A-Car Company, which had been taken out of the "shop" to fulfill his specific rental request. At that time, Odom noted damage to the vehicle by a prior renter that was documented on his contract.

- Nevertheless, when Odom returned the vehicle at approximately 6:00 p.m. on November 27, 2012, a final vehicle inspection was conducted and damages to the vehicle were discussed that had not been noted on the original contract.

- While in possession of the vehicle, Odom alleges that he was not in an accident and was unaware of the damage. Accordingly, Odom disputed fault for these damages and asked for a review of past rental documentation to determine if a prior renter caused the damage.

- An Enterprise Rent-A-Car representative told him that he would receive a notice that explained what damages were recorded and the general damages recovery process. Odom was also told that he had a right to request a second estimate.

- Odom alleges that he told the representative that he intended to pursue a second estimate after the initial estimate was completed to ensure fair pricing. He also advised the Enterprise representative that his insurer would contact Enterprise the next day to provide claim information and arrange estimates.

**B. Tender of Claim to GEICO and Follow-Up Communications with GEICO and Enterprise**

- The next day, November 28, 2012, Odom submitted a claim to his insurer, defendant GEICO Insurance Company. In the claim he notified GEICO of state law protections and asked GEICO to contact the rental company and arrange for estimates. He also asked GEICO to contact him with a status update once those actions were completed.

- The following day, November 29, 2012, Odom followed up with Enterprise to see if GEICO had made contact and to see if an estimate was available. Since GEICO had not yet contacted Enterprise, Odom provided Enterprise with claim information.

- On December 1, 2012, Odom received a notice from Enterprise dated November 28, 2012, advising him of his right to inspect the unrepaired vehicle and to request a second estimate. Odom responded in email, asking to exercise those rights and to work with his insurer to arrange for transport of the vehicle for a second estimate.[1] (Compl., Ex. 1 (dkt. #1-1) p.2.)

- During the following week, Odom attempted to contact GEICO about Enterprise's claim, but received no response.

- At some point, Odom spoke with his claims agent, Jillian (last name not noted) at GEICO. She said that "[t]hese things take a really long time to get sorted out based on my experience, but I will follow up with the company and report back." (Compl. (dkt. #1) p.3.)

- On December 10, 2012, Jillian left a follow up message for Odom indicating that the damages were under investigation. In response, Odom again indicated in an email that he wanted to pursue his rights under Wisconsin law to obtain a second estimate and that he disputed the validity of the damages. (Compl., Ex. 2 (dkt. #1-1) p.4.) Since that time, Odom alleges that Jillian also failed to respond further.

C. Collection Activities

- On December 19, 2012, Odom received a notice via email from Enterprise indicating that he was responsible for $700 in damages. Enterprise did not address in writing whether they investigated past damages claims to confirm Odom's responsibility for the damage, nor did it acknowledge his request for a second estimate. Enterprise also did not provide an initial estimate to him or GEICO.

- That same day, Odom responded by email, raising each of these concerns with Enterprise. (Compl., Ex. 3 (dkt. #1-1) p.6.)

- Odom also forwarded the notice from Enterprise to his claim agent at GEICO, along with his response (Compl., Ex. 4 (dkt. #1-1) p.9), but received no response from GEICO.

---

[1] Odom notes in his complaint that at that time, he mistakenly understood that the law required that *he* secure a second estimate.

- Odom was soon contacted by another Enterprise representative, Angela Perry, who acknowledged receipt of his emails and informed him that "Enterprise owns its vehicles and reserved the right to determine how they are repaired." (Compl. (dkt. #1) p.4.)  Odom alleges that he referred her to Wisconsin state law.  She agreed to get back to him later.

- On December 21, 2012, Angela emailed Odom that she spoke with her supervisor and that Enterprise would contact him once her risk manager returned on January 4, 2013.  (Compl., Ex. 5 (dkt. #1-1) p.12.)

- After not hearing from anyone, Odom emailed Perry on January 9, 2013, requesting an update.  (Compl., Ex. 6 (dkt. #1-1) p.14.)

- On January 31, 2013, Odom received a new bill from Enterprise for the original balance less an amount paid by GEICO.  Odom then called Perry and received an email in response from her, stating, "I reviewed your claim today with our DRU Manager and he said we need to pursue you for the claim. Geico has sent a payment less your $500.00 deductible."  (Compl., Ex. 7 (dkt. #1-1) p.17.)

- Odom alleges that Enterprise never stayed collection activities to investigate the matter.

- Odom complained to GEICO that they paid a claim which he was disputing, to which GEICO responded, "[w]e did not pay out on your behalf.  This was a no fault claim, done through arbitration.  You should not have any additional obligation with the company.  We did this because we have a working relationship with Enterprise, and their insurance agency, so we made the decision to pay out based on a review of the documentation provided." (Compl. (dkt. #1) p.5.)

- Odom seeks damages from GEICO in the total amount of $6,300 and from Enterprise in the total amount of $5,000.

**D. Nature of Claims**

As best as the court can tell, Odom alleges several causes of action against the two proposed defendants.

- Odom alleges that Enterprise (1) failed to adhere to Wis. Stat. § 344.574, which requires two estimates before attempting to collect on liability for damage to a rental car; (2) violated two provisions of the Fair Debt Collection Practices Act (15 U.S.C. § 1692g (requiring validation of debts) and § 1692f (describing unfair practices)); and (3) violated Wis. Stat. §

4

...
...

      427.104 of the Wisconsin Consumer Act which describes prohibited practices.

- Odom alleges GEICO breached its duty to defend and indemnify arising under the terms of his insurance contract, as well as special fiduciary duties of an insurer recognized by Wisconsin law.

## OPINION

This is a court of limited jurisdiction. As such, this court generally has jurisdiction over cases: (1) presenting a federal question (*i.e.*, asserting a federal constitutional or statutory claim, 28 U.S.C. § 1331); or (2) where the plaintiff is a citizen of a different state than the defendant and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332(a). While Odom does not plead the citizenship of the parties, the caption of Odom's proposed complaint asserts that he is a resident of Wisconsin, GEICO's corporate office is in Maryland, and Enterprise's is in Missouri.[2] From this, the court could infer that there is complete diversity of the parties or, at least, allow plaintiff to so allege in more detail. For the court to exercise its diversity jurisdiction over this case, however, there is still the matter of the amount in controversy exceeding $75,000. Since Odom seeks damages of less than $12,000 in his complaint, there appears no possibility of his claim exceeding that threshold.

---

[2] Other courts have described GEICO as a citizen of Maryland and Enterprise as a citizen of Missouri. *Harvey v. Shelter Ins. Co.*, No. 13-392, 2013 WL 1768658, at *2 (E.D. La. Apr. 24, 2013) ("GEICO is a citizen of Maryland."); *Pate v. Enterprise Rent-A-Car*, No. 13–338–JJB–SCR, 2013 WL 4736863, at *1 n.3 (M.D. La. Sept. 3, 2013) ("[D]efendant Enterprise Rent-a-Car is a trade name of EAN Holdings, LLC, a Delaware limited liability company whose sole member is Enterprise Holdings, Inc., a Missouri corporation with its principal place of business in St. Louis, Missouri.").

The only other available basis for jurisdiction over Odom's claims would be that of a federal question. Odom asserts no such claim against GEICO, although it may be dragged along by supplemental jurisdiction pursuant to Odom's apparent claims under the FDCPA against Enterprise for (1) failing to validate his debt prior as required by 15 U.S.C. § 1692g, and (2) attempting to collect the debt in violation of Wisconsin state law as prohibited by 15 U.S.C. § 1692f(1). Unfortunately for Odom, both of these statutory provisions only govern actions by "debt collectors" and Enterprise is a *not* one as that term is defined in the FDCPA.

Title 15 U.S.C. § 1692a(6) defines the term "debt collector" as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.
>
> . . . The term does not include--
>
> **(A)** any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor.

In sending a notice or bill to Odom for alleged liability for damage to a rental car, Enterprise is attempting to collect a debt owed or asserted to be owed to it, rather than one "owed or due or asserted to be owed or due another." As such, Enterprise is a "creditor" not a "debt collector." Therefore, the FDCPA does not govern its actions. *See Ruth v. Triumph P'ships*, 577 F.3d 790, 796 (7th Cir. 2009) ("The FDCPA distinguishes between debt collectors, who are subject to the statute's requirements, and creditors, who are not. For purposes of applying the Act to a particular debt, these two categories . . . are mutually exclusive." (quotation marks and internal citation omitted)).


Of course, this does not render Odom without a cause of action in a *state* court. Because Odom's complaint fails to state a federal question and because the amount in controversy does not meet the amount requirement for federal diversity jurisdiction, however, this court lacks subject matter jurisdiction over this action. Accordingly, the court will deny Odom leave to proceed on these claims and will dismiss this complaint without prejudice to Odom filing a complaint in state court. Should Odom wish to pursue his claims in state court, he may wish to file sooner rather than later to avoid any applicable statute of limitations that might otherwise bar his claims.[3]

ORDER

IT IS ORDERED that the complaint of plaintiff Christian Lee Odom is dismissed without prejudice for lack of subject matter jurisdiction. The clerk of court is directed to close the case.

Entered this 27th day of November, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[3] In particular, without opining on the merits of such a claim, the court notes that the statute of limitations for a Wisconsin Consumer Act claim is one year. Wis. Stat. § 425.307(1). In light of the timing of events described in plaintiff's complaint, a WCA claim against Enterprise may be time barred as soon as December 20, 2013.